UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY VILLADO,<br><br>    Plaintiff,<br><br>    v.<br><br>M.D. BIDER, et al.,<br><br>    Defendants. | Case No.: 1:13-cv-01685-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>[ECF No. 10] |

  Plaintiff Bobby Villado is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

  Now pending before the Court is Plaintiff's motion for appointment of counsel, filed December 18, 2013.

  Plaintiff does not have a constitutional right to the appointment of counsel in this action. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist. Palmer, 560 F.3d at 970; Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer at 970 (citation and quotation marks

///

omitted); <u>Wilborn</u>, 789 F.2d at 1331.  Neither consideration is dispositive and they must be viewed together.  <u>Palmer,</u> 560 F.3d at 970 (citation and quotation marks omitted); <u>Wilborn</u>, 789 F.2d at 1331.

In the present case, the Court does not find the required exceptional circumstances exist at this time.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  The Court is faced with similar cases almost daily.  Accordingly,

IT IS HEREBY ORDERED that Plaintiff's December 18, 2013, motion for the appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated: **December 20, 2013**

UNITED STATES MAGISTRATE JUDGE