UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY VILLADO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M.D. BIDER, et al.,<br><br>　　　　Defendants. | Case No.: 1:13-cv-01685-SAB (PC)<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 1] |

Plaintiff Bobby Villado is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on October 30, 2013. Local Rule 302.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen Plaintiff's complaint and dismiss the case, in whole or in part, if the Court determines it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp.

v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121-23 (9th Cir. 2012); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

On October 24, 2011, Plaintiff received a CDCR Form 1819 for notification of disapproval of mail/package/publications. On this same date, Plaintiff sent out a CDCR-G-22 inmate/parolee request form for interview explaining to A Yard Captain his concerns regarding the censorship of the Maoist International Movement (MIM) publication. Plaintiff did not receive a response. Plaintiff filed an inmate grievance at all three levels of review. The appeals were denied at each and every level because the publication sent to Plaintiff was determined to contain content concerning a "plan to disrupt the order, or breach the security of [the] institution."

## III.
## DISCUSSION

**A.    Linkage**

Under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue. Ashcroft v. Iqbal, 556 U.S. 662, 676-677 (2009); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th

1  Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Liability may not be imposed under
2  a theory of *respondeat superior*, and there must exist some causal connection between the conduct of
3  each named defendant and the violation at issue.  Iqbal, 556 U.S. at 676-77; Lemire v. California
4  Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Moss v. U.S. Secret Service, 711
5  F.3d 941, 967-68 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012)
6  (en banc); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

7        Plaintiff names only Warden Bider as a Defendant in this action.  However, as just noted, there
8  is no respondeat superior liability under section 1983, and Plaintiff's complaint is devoid of any
9  allegations supporting the existence of a supervisory liability claim against Warden Bider.  Since the
10 only basis for such a claim would be respondeat superior, he is precluded under section 1983 from
11 bringing such a claim.  Accordingly, Plaintiff fails to state a cognizable claim against Warden Bider.

12       **B.**    **First Amendment Right to Receive Mail**

13       Prisoners have "a First Amendment right to send and receive mail."  Witherow v. Paff, 52 F.3d
14 264, 265 (9th Cir. 1995).  Prison regulations relating to the regulation of incoming mail are analyzed
15 under the Turner reasonableness standard set forth in Turner v. Safley, 482 U.S. 78, 89-91 (1987).
16 Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989).  The regulation is valid if it is reasonably related
17 to legitimate penological interests.  Turner, 482 U.S. at 89.  In determining the reasonableness of the
18 regulation, court must consider the following factors: (1) whether there is a "valid, rational connection
19 between the regulation and the legitimate government interest put forward to justify it," (2) "whether
20 there are alternative means of exercising the right," (3) the impact that the "accommodation of the
21 asserted constitutional right will have on guards and other inmates," and (4) "the absence of ready
22 alternatives."  Turner, 482 U.S. at 89-90.

23       Plaintiff's allegations amount to nothing more than his mere disagreement with the prison's
24 finding that the publication contained content concerning a "plan to disrupt the order, or breach the
25 security of [the] institution."  There is no allegation or basis to find that's Plaintiff's mere
26 disagreement with the reason for the confiscation supports a finding that the decision was not
27 reasonably related to a legitimate correctional goal.  Accordingly, even if Plaintiff named a proper
28

Defendant, Plaintiff fails to state a cognizable claim for relief. The Court will grant Plaintiff the opportunity to file an amended complaint.

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

IT IS HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's second amended complaint, filed February 26, 2013, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **April 25, 2014**

UNITED STATES MAGISTRATE JUDGE